or go into force until ninety days after the adjournment of the session at which it was enacted, unless, in case of an emergency, which emergency must be expressed in a preamble or in the body of the Act, the Legislature shall, by a vote of two-thirds of all the members elected to each house, otherwise direct; said vote to be taken by yeas and nays, and entered upon the journals."

The Act under examination did not have the emergency declaration, hence it did not go into effect until the 14th day of July, 1905, but that fact will not affect the question of its validity, for the railroads were not required to take notice of it until it became operative. (Cooley, Const. Lim., 188; Price v. Hopkins, 13 Mich., 319.)   The Constitution of Michigan contained this language: "No public Act shall take effect or be in force until the expiration of ninety days from the end of the session at which the same was passed, unless the Legislature shall otherwise direct." In Price v. Hopkins, cited above, Judge Cooley said: "To make this Act operate as notice from its passage, seems to us to violate the constitutional provision we have quoted. To do that, we must hold that it has at least the effect and force of notice, during a period when the Constitution has declared it shall not take effect or be in force, and when the obvious design and intention was that it should have no force or effect whatever." There is a conflict in the authorities upon this point, but we believe those cited are supported by the better reasoning. The words, "or go into force," used in our Constitution, emphasizes the idea that the law is without vitality until the ninety days shall expire.

It is unnecessary for this court to pass upon the other questions presented. It is ordered that the judgments of the District Court and of the Court of Civil Appeals be reversed, and this cause be dismissed.

---

Fort Worth & Rio Grande Railway Company v. State of Texas.

No. 1673.   Decided March 20, 1907.

**Case Followed.**

The rulings in Missouri, K. & T. Ry. Co. of Texas v. State, *ante,* are followed, and control this case.   (Pp. 425, 426.)

Error to the Court of Civil Appeals from the Second District, in an appeal from Comanche County.

Suit was brought by the State against the railway company for penalties, which were recovered. Defendant appealed, and, on affirmance, obtained writ of error.

*C. H. Yoakum, West, Chapman & West* and *Theodore Mack,* for plaintiff in error.

*L. V. Reid,* for defendant in error.

BROWN, Associate Justice.—The opinion this day filed in cause

No. 1675, Missouri, Kansas & Texas Railway Company of Texas v. State of Texas, applies alike to this case. For the reasons given in that opinion the judgments of the District Court and of the Court of Civil Appeals are reversed, and the cause is dismissed.

*Reversed and Dismissed.*

---

MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS V. STATE.

No. 1674. Decided March 20, 1907.

Constitutional Law—Statute—Case Followed.

The ruling in Missouri, K. & T. Ry. Co. of Texas v. State, ante, followed, and held to control this case.

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Raines County.

The State, by its county attorney, sued the railway company to recover penalties under the Act of April 17, 1905 (chap. 133, Laws 28th Leg.). The defendant appealed from a judgment recovering penalties, and, on affirmance of that judgment, obtained writ of error.

*T. S. Miller* and *Perkins & Craddock,* for plaintiff in error.

*A. R. Cornelius* and *Jones & Connor,* for defendant in error.

BROWN, ASSOCIATE JUSTICE.—The opinion this day filed in cause No. 1675, Missouri, Kansas & Texas Railway Company of Texas v. State of Texas, applies alike to this case. For the reasons given in that opinion the judgments of the District Court and of the Court of Civil Appeals are reversed, and the cause is dismissed.

*Reversed and Dismissed.*

---

LEONARD HAYNES V. STATE OF TEXAS.

No. 1562. Decided March 27, 1907.

1.—Mexican Grant—Tamaulipas—Loss of Sovereignty—Issue of Final Title.

Where the evidence showed citizens of Tamaulipas to have taken all necessary steps to acquire the right to have final title issued to them, under Decree No. 24 of the Legislature of that State, to lands therein, in the year 1835, but title was not issued by the Governor until 1848, when that State had lost actual sovereignty over the lands, which were situated in Texas, such issuance, though disproving presumption of the grant being completed while the State of Tamaulipas had jurisdiction over the territory, did not affect the standing of the claim as one entitled to recognition from the government of Texas, though not a complete legal title. (P. 431.)

2.—Same—Rights Under Treaty.

A citizen of Guerrero, in the State of Tamaulipas, Mexico, who was entitled to receive a grant of land under Decree No. 24 of the laws of that State, and being already in possession, had, in 1835, denounced same before the proper ayuntamiento, which approved his claim, had survey made, delivered to him